UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv814-FDW

| | |
|---|---|
| KEVIN CELLENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Kevin Cellent's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

Petitioner is a prisoner of the State of North Carolina who, on April 12, 2013, was convicted by a Mecklenburg County jury of first-degree rape. State v. Cellent, 765 S.E.2d 556, 2014 WL 4557508, at *1, *3 (N.C. Ct. App. Sept. 16, 2014) (unpublished). Defendant was sentenced to 220–273 months imprisonment and ordered to register as a sex offender and enroll in satellite-based monitoring. Id. at *3. On direct review, the North Carolina Court of Appeals held that Petitioner received a trial free from prejudicial error. Id. at *8.

Petitioner filed the instant habeas Petition on November 28, 2016. (§ 2254 Pet. 12, Doc. No. 1.)[1] Based upon the information provided in the Petition, the Court notified Petitioner that his § 2254 Petition appeared to be time-barred and provided him an opportunity to explain why

---

[1] A prisoner's habeas petition is considered filed on the date on which the prisoner swears under penalty of perjury that he placed it in the prison mail system. Houston v. Lack, 487 U.S. 266, 267 (1988). Petitioner's notarized Petition was signed on November 4, 2016. (§ 2254 Pet. 12, Doc. No. 1.) Petitioner did not swear under penalty of perjury that he placed the Petition in the prison mail system on any particular date, however. (§ 2254 Pet. 12.) Accordingly, the Petition was filed on the date it was received in this Court.

1

the Petition should not be dismissed as untimely, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). (Hill Notice, Doc. Nos. 2, 4.) Petitioner responded and provided information about state post-conviction proceedings that he had failed to include in his § 2254 Petition. (Doc. No. 5.) While the additional information alters the Court's understanding of the timeline in this action, it does not alter the Court's conclusion that the habeas Petition is barred by the statute of limitations.

## II.  STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitation for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).[2] The limitation period is tolled during the pendency

---

[2] There are three alternate start dates for the statute of limitations. See § 2244(d)(1)(B)-(D). However, the facts

2

of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on April 12, 2013, when Petitioner was sentenced. The North Carolina Court of Appeals issued its Order denying Petitioner's direct appeal on September 16, 2014. Petitioner then had thirty-five (35) to seek discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. (§ 2254 Pet. 4.) Therefore, his conviction became final on or about October 21, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S .Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

The statute of limitations then ran until August 26, 2015 (309 days), when Petitioner filed a motion for appropriate relief ("MAR") in the trial court.[3] See § 2244(d)(2). The statute of limitations was paused until April 18, 2016, when the North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari seeking review of the trial court's denial of his MAR (NCPLS Letter, Doc. No. 5 at 3-4). The limitations period resumed and ran for another 56 days, expiring on June 13, 2016, more than five months before Petitioner filed the instant habeas

---

alleged in the instant Petition do not support a finding that any of those apply here.

[3] This information comes from a May 11, 2016 letter to Petitioner from N.C. Prisoner Legal Services, Inc. ("NCPLS"), which Petitioner attached to his Response to the Court's Hill Notice. (Doc. No. 5 at 3.)

3

Petition.  Therefore, absent equitable tolling, Petitioner's § 2254 Petition is untimely and must be dismissed.  See § 2244(d)(1)(A).

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

Petitioner offers various explanations for why equitable tolling should apply in his case.  In a letter attached to his habeas Petition, Petitioner states that he filed a writ of habeas corpus on time, but it was lost in the prison mail system.  (Pet'r's Letter to Clerk 1, Doc. No. 1.  He also states that he sent a $5.00 money order for the filing fee, that it was returned to him by the Clerk of Court because there was no open case to which to apply it, and that a copy of the returned money order is attached to the instant habeas Petition.  (Pet'r's Letter to Clerk.)  As the Court noted in its Hill Notice, however, a copy of the returned money order is not attached to the instant Petition.  (Hill Notice 3, Doc. No. 2.)

In the body of the habeas Petition, Petitioner appears to switch gears and asks the Court to consider the "nonchalantness of the prison administration and its personnel to understand the importants [sic] of timeliness in pro se legal issues." (§ 2254 Pet. 11.)  He then asserts that he was "hindered . . . by the mishandling of filing fee to the clerk in filing district." (§ 2254 Pet. 11.)  These assertions appear to contradict Petitioner's previous contention that the returned

4

money order is evidence that he placed his original habeas petition in the prison mail system on or before the day it was due in federal court.

In his Response to the Court's Hill Notice, Petitioner states that he "wanted to hold that money order as proof that [the] petition was filed but the facility [where he was housed at the time – Marion Correctional Institution] would not let [him] keep it in [his] possession." (Pet'r's Resp. 1, Doc. No. 5.) According to Petitioner, that is why a copy of the money order is not attached to the instant habeas Petition.[4] (Pet'r's Resp. 1.) He suggests the Court check its internal records to verify that he sent the filing fee in June 2016. He also asserts that he re-filed his habeas petition when the Clerk sent the money order back. (Pet'r's Resp. 2.)

Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330. Although he has the burden of proof, Petitioner has provided no evidence to support his assertions that he timely filed a federal habeas petition and that it was lost in the prison mail system. A prisoner's habeas petition is considered filed on the date on which the prisoner swears under penalty of perjury that he placed it in the prison mail system. Houston v. Lack, 487 U.S. 266, 267 (1988). Petitioner has not submitted any evidence that he placed a federal habeas petition in the prison mail system at Marion Correctional Institution ("MCI") on or before June 13, 2016. Presumably, the MCI mail logs could have provided that evidence, but Petitioner has not submitted those.

As for the money order, it is Petitioner's burden, not the Court's, to produce evidence that it was submitted and returned, as Petitioner claims. Nevertheless, the Court has checked its

---

[4] This explanation begs the question why Petitioner originally stated that a copy of the money order is attached to the instant Petition.

records and now takes judicial notice that the mail log from the Court's Charlotte Office shows that $ 5.00 was both received from and returned to "Kevin Cellent" on July 14, 2016. While that constitutes some evidence that Petitioner placed a § 2254 petition in the MCI prison mail system prior to filing the instant Petition, it is not evidence that he did so on or before June 13, 2016.

Finally, more than four months elapsed between the date the Clerk's Office mailed Petitioner's money order back to him and the date Petitioner filed the instant habeas Petition. While Petitioner asserts that he filed the instant Petition when the Clerk sent the money order back (Pet'r's Resp. 2), he has made no effort to demonstrate that it took more than four months for the returned money order to reach him. In fact, the Court knows that it did not take more than four months because Petitioner signed the instant habeas Petition on November 4, 2016. (§ 2254 Pet. 12.) When Petitioner actually placed the instant Petition in the prison mail system is left to speculation, as he left the line for that information conspicuously blank. (§ 2254 Pet. 12.)

In sum, Petitioner has demonstrated neither diligence during the period he is seeking to toll (June 13, 2016 to November 28, 2016), nor that extraordinary circumstances stood in the way of his filing a timely federal habeas Petition. Indeed, Petitioner claims that he did file a timely petition; he simply has made no effort to prove it.

### IV. CONCLUSION

The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to equitable tolling of the statute of limitations. Accordingly, the § 2254 Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 23,

Frank D. Whitney
Chief United States District Judge